```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


SASOL WAX AMERICAS, INC. and        *       CIVIL ACTION
INDEMNITY INS. CO. OF
NORTH AMERICA

versus                              *       NO. 06-4790


HAYES/DOCKSIDE, INC.                *       SECTION "F"
```

ORDER AND REASONS

Before the Court is Hayes's motion for summary judgment. For the reasons that follow, the motion is DENIED without prejudice.

Background

In August 2005, Hayes/Dockside was storing various wax-based products for Sasol Wax Americas in Hayes's Arabi, Louisiana warehouse, as it had done for decades. When Hurricanes Katrina and Rita hit, the warehouse was flooded and its roof damaged; 453 tons of Sasol Wax's products were damaged and deemed unfit for their intended use.

On October 27, 2005, Hayes' president, John Bertel, wrote to Larry O'Toole of Sasol Wax, informing him that his products had been damaged. On April 7, 2006, O'Toole responded, notifying Hayes that Sasol was making a claim for the damage. On August 25, 2006, Sasol Wax (on its own behalf and on behalf of its underwriters, Indemnity Insurance Company of North America) sued Hayes.

1

Hayes now moves for summary judgment dismissing the plaintiffs' suit on the grounds that, pursuant to a warehouse receipt, Sasol was required to notify Hayes of any claim against it in a timely manner and to file suit within nine months of Hayes notifying Sasol of the loss.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party

must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

                                II.

Summary judgment is inappropriate on this record.  Whether a valid warehouse receipt existed between the parties for the damaged goods is a disputed issue of fact to be resolved at trial.

Hayes contends that, each time it housed Sasol's goods, the parties executed a warehouse receipt.  The terms of that warehouse receipt restricted the goods depositor's time in which to notify Hayes of a claim against it and restricted the time for filing suit on any claim against Hayes.  Because Sasol notified Hayes of its claim, and filed suit, according to Hayes, outside the time limits imposed by the warehouse receipt, Hayes insists that Sasol's claim is untimely as a matter of law.  On this record, the Court disagrees.

In support of its motion for summary judgment, Hayes submits

an affidavit sworn by Hayes' president, John Bertel.  Mr. Bertel confirms that Sasol has been storing wax products with Hayes for decades and that "[u]pon receipt of any new product from Sasol, an employee of Hayes/Dockside *would* complete a warehouse receipt and send it to Sasol." (emphasis added).  Attached as an exhibit to that affidavit is merely a blank form of a warehouse receipt that indeed restricts a depositor's time for notifying Hayes of a claim and for filing suit.  But Sasol disputes that any such warehouse receipt was ever executed and submits a sworn affidavit stating that it has no such receipt for its hurricane-damaged goods it stored at Hayes's warehouse.  Accordingly, Sasol insists summary judgment is not appropriate because this material issue of fact is disputed.  The Court agrees:  the actual, completed warehouse receipt for the damaged goods is the missing link in Hayes's request for summary judgment.  The record is presently inappropriate for summary relief.

    Accordingly, the defendant's motion for summary judgment is DENIED without prejudice.

         New Orleans, Louisiana, April 8, 2008.

                                  _____
                                  MARTIN L. C. FELDMAN
                               UNITED STATES DISTRICT JUDGE