UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SASOL WAX AMERICAS, INC. AND                    CIVIL ACTION
INDEMNITY INS. CO. OF NORTH AMERICA

v.                                              NO. 06-4790

HAYES/DOCKSIDE, INC.                            SECTION "F"


<u>ORDER AND REASONS</u>

Before the Court is Hayes' motion for summary judgment.  For the reasons that follow, the motion is GRANTED.

<u>Background</u>

In August 2005, Hayes/Dockside had stored various wax-based products for Sasol Wax Americas in Hayes' Arabi, Louisiana warehouse, as it had done for decades.  When Hurricanes Katrina and Rita hit, the warehouse was flooded and its roof damaged; 453 tons of Sasol Wax's products were damaged and deemed unfit for their intended use.

On October 27, 2005, Hayes' president, John Bertel, wrote to Larry O'Toole of Sasol Wax, informing him that his products had been damaged.  On April 7, 2006, O'Toole responded to Bertel that Sasol was making a claim for the damage.  On August 25, 2006, Sasol Wax (on its own behalf and on behalf of its underwriters, Indemnity Insurance Company of North America) sued Hayes.

On March 25, 2008, Hayes moved for summary judgment dismissing the plaintiffs' suit on the grounds that, pursuant to a warehouse

1

receipt, Sasol was required to notify Hayes of any claim against it in a timely manner and to file suit within nine months. Attached as an exhibit to the affidavit of Hayes' president, John Bertel, was a blank form of a warehouse receipt that restricts a depositor's time for notifying Hayes of a claim and for filing suit. But Sasol disputed that any such warehouse receipt was ever executed and submitted a sworn affidavit stating that it has no such receipt for its hurricane-damaged goods that were stored at Hayes's warehouse. The Court denied the motion without prejudice on the basis that whether the valid warehouse receipts existed between the parties was an issue fact.

On April 29, 2008, Hayes filed the present Motion for Summary Judgment, re-urging the arguments contained within the previous motion. As a result of further discovery and investigation, Sasol concluded that it did receive a warehouse receipt with the standard terms and conditions for a shipment that was delivered to Hayes shortly before the storms. Further, Sasol has produced a Contract and Rate Quotations, signed by agents for Hayes and Sasol, which contain the same terms regarding notice and time of suit. Hayes argues that these documents are now the missing link in the chain of summary judgment evidence.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to

2

any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the

facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

Hayes argues that the receipts issued when plaintiffs' goods were delivered to Hayes included the Standard Contract Terms and Conditions for Merchandise Warehousemen and, because plaintiff failed to give notice of the claim within 60 days and to file suit within nine months, as provided for in the terms, the claim should be dismissed for failure to comply with a condition precedent and for prescription.

The front of the warehouse receipt states that the goods are delivered to Hayes "SUBJECT TO ALL TERMS AND CONDITIONS INCLUDING LIMITATION OF LIABILITY HEREIN AND ON THE REVERSE HEREOF." The reverse side of the receipt contains the Standard Terms and Conditions for Merchandise Warehousemen. Section 12, entitled "NOTICE OF CLAIM AND FILING OF SUIT," states:

> (a) Claims by the depositor and all other persons must be presented in writing to the warehouseman within a reasonable time, and in no event longer than either 60 days after delivery of the goods by the warehouseman or 60 days after depositor of record or the last known holder of a negotiable warehouse receipt is notified by the warehouseman that loss or injury to part or all of the goods has occurred, whichever time is shorter.

> (b) No action may be maintained by the depositor or others against the warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section and

4

unless
such action is commenced either within nine
months after depositor of record or the last
known holder of a negotiable warehouse receipt
is notified that loss or injury to part or all
of the goods has occurred, whichever time is
shorter.

(c) When goods have not been delivered, notice
may be given of known loss or injury to the
goods by mailing of a registered or certified
letter to the depositor of record or to the
last known holder of a negotiable warehouse
receipt. Time limitations for presentation of
claim in writing and maintaining of action
after notice begin on the date of mailing of
such notice by warehouseman.

A.   Condition Precedent to Recovery

John Bertel, President of Hayes, was notified by Larry
O'Toole, of Sasol, that Sasol was making a claim for the damage to
their goods more than five months, far outside the 60 day time-
mandate, after Sasol had been informed of the damage.   The
defendant argues that, pursuant to the terms and conditions of the
warehouse receipt, this claim was not presented timely.   The Court
agrees.   Because Sasol, an experienced corporation that has been in
the business of shipping and storing wax products for many years,
failed to fulfill a condition precedent of the contractual terms to
which it agreed, it is, by the terms of the transaction, precluded
from recovering against Hayes.

A state court decision is instructive.   A similar "notice of
claim" provision was enforced in NOPSI v. The Louisville and
Nashville Railroad Co., 94-1625, 9 (La. App. 4 Cir. 03/16/1995);

652 So.2d 1033, 1036.  The clear notice provision in a contract of rail carriage imposed a requirement that a party claiming that its goods were damaged (NOPSI) give the carrier notice in writing within nine months of the notification of loss date.  The facts revealed that notice was not given until ten months and three days after NOPSI received notice that its goods were damaged.  <u>Id</u>. at 1037.  The court stated that because NOPSI failed to file a written claim with the defendant within nine months after delivery of the damaged product, NOPSI's suit was untimely.  <u>Id</u>. The court then granted the defendant's exception. <u>Id</u>.

Similarly in this case, the notice provision is express in the Terms and Conditions for Merchandise Warehousemen printed on each warehouse receipt received by Sasol.  Sasol had knowledge of the damage and more than reasonable opportunity to make notice of claim against Hayes.  Accordingly, the Court finds that the notice provision shall be enforced against Sasol and its subrogated insurer, and the suit dismissed.

B.  Prescription

In addition to the notice of claim provision, the terms and conditions provide for a prescriptive period which mandates that suits be filed within nine months of the warehouseman (Hayes) notifying the depositor of record (Sasol) of the loss.  Since the plaintiff did not commence this lawsuit against Hayes until nine months and 28 days after receipt of notice of the loss, the

defendant argues, and this Court agrees, that this matter should be dismissed as time-barred.

While Louisiana law prohibits agreements to extend the period for prescription, there is no prohibition to agreements to shorten the period.  The relevant codal provision is Article 3471 of the Louisiana Civil Code which states: "A juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null."  If not for Article 3471, the party with the greater bargaining power could demand that the agreement excludes prescription, and then could bring an action at any time in the future. This is contrary to the public policy that all claims must be brought within a specified time, and, therefore, prohibited.  For similar reasons, Article 3471 prohibits agreements that lengthen the time for prescription.  Consistent with the text of the article, the prohibition of requirements that make prescription more onerous means requirements that act to extend prescription and make it more onerous on the defendant.

This interpretation is supported by Comment (b) to Article 3471, which states:

> In Louisiana, jurisprudence is well-settled that parties may not extend a period of prescription that is established by law. See E.L. Burns Co. v. Anthony Cashio, 302 So. 2d 297 (La. 1974); and Nabors Oil & Gas Co. v. Louisiana Oil Refining Co.,
> 151 La. 361, 91 So. 765 (1922). For the validity of agreements intended to shorten the

7

prescriptive period, *see* Note, 16 Tul. L. Rev. 625 (1942).

In contrast to agreements to extend prescription, Louisiana jurisprudence generally has allowed the parties contractually to shorten the prescriptive period.  <u>Louisiana Health Service & Indem. Co. v. McNamara</u>, 561 So. 2d 712, 719 (La. 1990).

In <u>Green v. Peoples Benev. Industrial Life Ins. Co. of Louisiana</u>, 5 So. 2d 916 (La. App. 2nd Cir. 1941), the defendant insured the plaintiff's wife under a life insurance policy that named the wife's niece as the beneficiary. Eight years after his wife's death the plaintiff brought suit to recover under the policy, claiming that the whereabouts of the beneficiary were unknown.  Prescription of contracts is generally 10 years in Louisiana; however, the insurer contended that the suit was precluded by a clause in the policy which read "no suit shall be brought . . . after two years from the time when the right of action shall accrue." <u>Id</u>. at 917. The Louisiana court of appeals affirmed the trial court's dismissal of the case, holding that in Louisiana parties to a contract may shorten the prescriptive period. <u>Id</u>. at 918.

Again, in <u>McDermott, Inc. (Harvey Supply Div.) v. M-Electric & Constr. Co.</u>, 496 So. 2d 1105, 1112 (La. Ct. App. 4 Cir. 1986), the court held that plaintiff-vendee was subject to a shorter prescriptive period contained in the contract between themselves and the defendants, a vendor and an electric company. The

8

plaintiff alleged that defendant had improperly supplied defective materials and used poor workmanship in performing switch terminations.  Id. at 1107.  In M-Electric, the defendant rebuilt stress cone terminations. The trial court ruled that, while such activities are in the nature of a construction or installation contract giving rise to a prescriptive period of ten years, the parties had contracted for a one year prescriptive period for all such claims.  Id. at 1111.  Holding that there is no prohibition on shortening the period to bring suit, the court affirmed the trial court's granting of a peremptory exception of prescription against the plaintiff. Id. at 1112.

In opposition to this motion, plaintiffs argue that the Court should nullify the time limitations in the warehouse receipt and warehousing contracts as being against public policy and onerous under Louisiana Civil Code art. 3471.

Relying on La. R.S. 22:929(A)(3), which extended the time to sue insurers for Hurricane Katrina claims, plaintiffs assert that cargo owners, such as Sasol, encountered the same difficulties as insurers did in assessing the extent of the damage to their property which resulted from Hurricanes Katrina and Rita.  As such, they submit that the nine month time limitations contained in defendant's warehouse receipt and contracts are unenforceable for Hurricane Katrina and Rita damage claims as against public policy.  The Court finds this argument unpersuasive.  The public

policy reasons for extending the time period for insurance claims were narrow, fact-specific and cannot be stretched to apply to claims involving sophisticated corporations, their warehouse receipts, and delivery documents.

Further, plaintiffs' argument that the time limitations are onerous under La. Civ. Code art. 3471 fails; the code article does not prohibit requirements that shorten the period for prescription; rather, the article only prohibits acts which purport to extend a period of prescription.

The Court, having been provided with the missing link to Hayes' request for summary judgment, finds that Sasol received ample notice of the terms and conditions of storage and failed to meet two separate time-provisions: in failing to provide timely notice of the loss, Sasol failed to meet a condition precedent to recovery, and in failing to file suit within nine months of notice of the loss, Sasol allowed its claim to prescribe.  As no genuine issues of material fact remain, the defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, May 14, 2008.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE